In the Matter of the Estate of EDMUND G. THURBER, an Incompetent Person.

AMERICAN SURETY COMPANY OF NEW YORK, Appellant; FANNIE C. THURBER, Respondent.

*Surety company — it is not entitled to be discharged from the bond of a committee of an incompetent — section 812 of the Code of Civil Procedure does not apply to it.*

A surety company, which, for a valuable consideration, has become surety upon the official bond of the committee of an incompetent, is not entitled to be discharged from its obligation against the wishes of the committee, where no such right is reserved to the company in the contract pursuant to which it became surety, and where the moving papers fail to show any breach by the committee of her obligation, or that the surety company has suffered, or is liable to suffer, any damage by reason of any act or omission of the committee.

Section 812 of the Code of Civil Procedure, providing for the discharge of a surety upon his own application, does not apply to surety companies.

APPEAL by the American Surety Company of New York, the surety on the bond of Fannie C. Thurber, as committee of Edmund G. Thurber, an incompetent person, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Suffolk on the 15th day of March, 1899, denying its application to be released from said suretyship.

*Jesse Johnson* [*Henry C. Willcox* with him on the brief], for the appellant.

*Raymond C. Haff*, for the respondent.

PER CURIAM :

The contract entered into by and between Fannie C. Thurber and the surety company was not a contract of suretyship, and is not, therefore, subject to the strict rules of interpretation which apply to such contracts. It was a contract for a specified period of time, and was founded upon a valuable consideration. The contract of suretyship under which the surety company became liable to the estate of which Fannie C. Thurber was the committee, was an entirely different contract, and one with which we are not now called upon to deal, as the liabilities assumed thereunder are not denied. Consequently this contract is to be interpreted as one made between the parties thereto, without its being at all affected by the terms or construction of the contract of suretyship.

By the terms of the contract between the parties to this proceeding, the surety company undertook to furnish security for the committee of the estate. Under ordinary rules of interpretation, therefore, such contract must be fulfilled according to its terms, and be interpreted according to its fair import. Usually such a contract would not permit one of the parties thereto to withdraw from his engagement unless such right had been expressly reserved therein ; and as such a provision would have the effect of making a contract binding upon only one of the parties thereto, its terms in this regard should be clear and unequivocal and admit of no other construction.

The moving papers do not show any dereliction or fault upon the part of the committee of the estate, and it is not therein averred that she has been guilty of any breach of her obligation as such com-

mittee, or that the surety company has suffered or is liable to suffer any damage by reason of any acts or omission of the committee. Consequently we are to consider this case as one where there has been neither a breach nor an attempt to commit a breach of the contract, nor any threat so to do. It is, therefore, evident that this motion should not be granted, and the order refusing to grant it should be affirmed, unless the court is compelled by some iron-clad rule of law to grant the same.

The claim of the appellant is that, by the terms of its contract and by the provisions of section 812 of the Code of Civil Procedure, it is entitled as a matter of law to be discharged from future liability on account of its contract. No case has ever arisen, so far as we are able to find, in which the question now raised by the surety company has been passed upon, and this application seems to be a pioneer in this branch of the law.

It is fair to assume that when acts were first passed authorizing the release of sureties upon their application, it was in view of the fact that such sureties were for the most part so engaged without consideration, and acted gratuitously. Under such circumstances there was a strong equity existing in their behalf which made the provision for their relief entirely proper. These laws, in substance, now find place in the Code of Civil Procedure, reference to which has already been made. By the terms of section 811 of the Code, and also by chapter 720 of the Laws of 1893, persons required to give bonds under the provisions of any law are authorized to give the bond or undertaking of any fidelity or surety company authorized by the laws of the State to transact business. Affidavits of responsibility in such case are dispensed with, although the right is reserved to compel justification. (Code Civ. Proc. §§ 811, 812.) By the provisions of the latter section "the surety or sureties or the representatives of any surety or sureties upon the bond," etc., may be discharged upon complying with its provisions. The only mention of a fidelity or surety company in terms in this section is found in the beginning thereof, and relates to the form of the bond of surety when so given. If the right is reserved to it to be discharged from liability, it must be found in the general words "surety or sureties." These words are apt in embracing the former class of persons who were sureties without consideration. Of

course they are broad enough in their terms to embrace a surety company; but wherever the provision in the sections of the Code refers to such company it is named in terms, and we think that before it can invoke an authority so extraordinary as to relieve it from a contract founded upon a valuable consideration, and of which there has been no breach or claim of breach, it should be required to point to specific words showing that it was the intent of the Legislature to embrace such case. The construction of this statute will be satisfied, giving full force to all its words, by holding that the surety company, not having been named in specific terms therein, was not intended to be embraced; and this section of the Code may not, therefore, be invoked as an authority for the release which it seeks. If this construction of the section be proper, it follows that the 9th clause of the agreement in nowise applies so far as to relieve the surety company from liability thereunder. We think that where the surety company engages for a consideration to become a surety, it ought not to be relieved from such contract except there be a breach of the same by the person with whom it contracts, and that section 812 of the Code of Civil Procedure was not intended to apply to such a case.

These views lead to the conclusion that the order should be affirmed.

All concurred, except GOODRICH, P. J., not sitting.

Order affirmed, with ten dollars costs and disbursements.